IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONGYINGBORUIDIANZIKEJIYOUXIANGONGSI,<br><br>Plaintiff,<br><br>v.<br><br>MINIMAXIT LTD.,<br><br>Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
NONINFRINGEMENT AND INVALIDITY**

Plaintiff dongyingboruidianzikejiyouxiangongsi ("Plaintiff" or "Dongying Borui") hereby brings this Complaint against Defendant Minimaxit Ltd. ("Defendant" or "Minimaxit") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of noninfringement and invalidity of U.S. Patent No. 10,849,427, entitled "Foldable Chair and Foldable Table" (the "'427 patent"). A copy of the '427 patent is attached as **Exhibit A**.

**THE PARTIES**

2. Plaintiff Dongying Borui is a company organized under the laws of China with a place of business at Room 2-102, Block 7, 200 meters west of the crossroads of Nanyi and Yunmenshan Roads, Dongying 257100, Shandong, China.

3. On information and belief, Defendant Minimaxit is a company organized under the laws of Israel with a principal place of business at 13 Berlin Eliyahu, Tel Aviv 6958442, Israel.

1

4.    On information and belief, Minimaxit purports to be the assignee of all rights, title, and interest in and to the '427 patent.

## BACKGROUND

5.    Plaintiff Dongying Borui sells collapsible stools on Amazon.com under the "Boreeman" brand. The Amazon Standard Identification Number ("ASIN") of one of its Boreeman collapsible stools is B083945P76.

6.    On or about November 17, 2025, Dongying Borui received an email from Amazon (sent via patent-evaluation@amazon.com) advising that Defendant Minimaxit is the owner of the '427 patent and that Minimaxit believes ASIN B083945P76 (the "Accused Product") infringes the '427 patent. The email advises that the Accused Product will be removed from Amazon.com within three weeks unless certain action is taken, including: (i) "file a lawsuit against the patent owner for declaratory judgment of non-infringement of the asserted patent," or (ii) participate in "Amazon Patent Evaluation Procedure" ("APEX"). Amazon assigned Minimaxit's infringement notice complaint ID 18767484261.

7.    Plaintiff Dongying Borui sells the same Accused Product in other colors or in different quantities at ASINs B083945G36, B083945P76, B08PT4GRZM, B0CJRBSKXN, B0CJRC5S3L, B0CKC3NZQZ, B0CKC3RJN4, B0CNQ9G8WJ, B0CKC3X2H8, B0CKC3PYP2, B0CWNXRWMM, B0CWNYTZWC, B0DPX99CSK, and B0FPD7TPDL (collectively, the "Identical Products").

8.    Plaintiff Dongying Borui, therefore, has a reasonable apprehension, and there exists a reasonable potential, that Defendant Minimaxit will file an action against Dongying Borui and allege that Dongying Borui infringes the '427 patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Product and/or Identical

Products.

9. Plaintiff Dongying Borui offers the Accused Product and Identical Products for sale to customers in the United States, including Delaware, and has sold the Accused Product and Identical Products to customers in Delaware.

10. As a result of the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether the Accused Product and Identical Products infringe the '427 patent.

## JURISDICTION AND VENUE

11. The Court has original subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. §§ 100 *et seq.*, and seeks relief under the Federal Declaratory Judgment Act.

12. Personal jurisdiction over Minimaxit is proper under Fed. R. Civ. P. 4(k)(2). This case relates to Minimaxit's assertion of infringement of the '427 patent and therefore arises under federal law. On information and belief, Minimaxit is a company organized under the laws of Israel with a principal place of business at 13 Berlin Eliyahu, Tel Aviv 6958442, Israel. On information and belief, based on the foregoing facts, Minimaxit is not subject to personal jurisdiction in any state such that Plaintiff could have brought suit there at the time of filing, regardless of consent. Minimaxit does, however, have sufficient minimal contacts with the United States as a whole because it has asserted rights under the '427 patent against retailers on Amazon.com (e.g., the Plaintiff) that sell products to customers in the United States.

13. Venue is proper in this Court under at least 28 U.S.C. § 1391(c)(3) because Minimaxit is not a resident of the United States and therefore may be sued in any judicial district.

## **FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 10,849,427)**

14. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

15. Minimaxit purports to be the owner by assignment of the '427 patent with all right, title, and interest thereto.

16. The '427 patent has 20 claims, three of which are independent: claims 1, 8, and 17.

17. The Accused Product and Identical Products do not include every claimed feature of any independent claim in the '427 patent.

18. By way of nonlimiting example only, independent claim 1 recites "a security component" and independent claim 8 similarly recites a "security arrangement." The Accused Product and Identical Products do not include a "security component" or "security arrangement" as claimed in the '427 patent.

19. By way of further nonlimiting example only, independent claims 1 and 8 recite "wherein each of the rings is configured with features [i.e., more than one feature] of a locking arrangement" and independent claim 17 similarly recites "wherein each of the rings is configured with components [i.e., more than one component] of a locking arrangement." The Accused Product and Identical Products do not have more than one "feature" or "component" of a "locking arrangement" on "each" of its alleged "rings."

20. Therefore, the Accused Product and Identical Products do not infringe the '427 patent, either literally or under the doctrine of equivalents.

21. An actual and justiciable controversy therefore exists between Plaintiff and

Defendant regarding whether Plaintiff has infringed any claim of the '427 patent.

22. Plaintiff seeks and is entitled to a judgment declaring that they have not infringed and do not infringe, directly or indirectly, any claim of the '427 patent either literally or under the doctrine of equivalents.

23. This is an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to reimbursement of their attorneys' fees, costs, and expenses from Defendant.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 10,849,427)**

24. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

25. At least by implication of Defendant's allegations that the Accused Product infringes the '427 patent, Plaintiff contends that the '427 patent is invalid and/or unenforceable for failure to meet the conditions of patentability set forth in the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and 282.

26. An actual and justiciable controversy exists between Plaintiff and Defendant regarding the invalidity and/or unenforceability of the '427 patent.

27. Plaintiff seeks and is entitled to a judgment declaring that the '427 patent is invalid and/or unenforceable.

28. By way of nonlimiting example only, upon information and belief, the same or materially similar products that include all claimed elements in the '427 patent were sold or offered for sale or in public use before the priority date of the '427 patent, including more than one year before the priority date of the '427 patent.

29. This is an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to

reimbursement of its attorneys' fees, costs, and expenses from Defendant.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendant as follows:

    a.    Ordering Defendant to withdraw Amazon complaint ID 18767484261 and to make no further complaints of infringement to Amazon against Plaintiff based on the '427 patent;

    b.    Enjoining Defendant and those in privity with Defendant from asserting the '427 patent against Plaintiff and Plaintiff's representatives, agents, affiliates, subsidiaries, vendors, and customers;

    c.    Declaring that Plaintiff has not and does not directly or indirectly infringe any claim of the '427 patent, either literally or under the doctrine of equivalents;

    d.    Declaring the '427 patent invalid and/or unenforceable;

    e.    Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action;

    f.    An award to Plaintiff of its costs and disbursements; and

    g.    Such other relief to which Plaintiff is entitled under the law and any other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: December 5, 2025                    RIMON, P.C.

                                                           By: /s/ Zhun Lu
                                                           Zhun Lu (#4427)
                                                           200 Continental Drive, Suite 401
                                                           Newark, DE 19713
                                                           Telephone/Facsimile: (302) 688-7566
                                                           zhun.lu@rimonlaw.com

OF COUNSEL

John E. Handy (*pro hac vice* application forthcoming)
1765 Greensboro Station Place Tower I, Suite 900
McLean, VA 22102
Telephone/Facsimile: (703) 559-7360
john.handy@rimonlaw.com

                                                           *Attorneys for Plaintiff*